Daniel v. Baxter.

DANIEL v. BAXTER et als.

TITLE BOND. *Unregistered. Vendor. Vendee.* Where a purchaser of land by title bond fails to have the bond registered, and the creditors of the vendor appropriate the land to the satisfaction of their debts, the purchaser is entitled to be relieved from the payment of the purchase money, when the notes therefor have not been, in due course of trade, transferred to innocent purchasers.

FROM DICKSON.

Appeal from the Chancery Court at Charlotte. G. H. NIXON, Ch.

T. C. MORRIS for complainant.

J. LEECH for defendants.

McFARLAND, J., delivered the opinion of the court.

On the 8th of September, 1859, the complainant purchased of Thomas D. and Theodore Baxter a tract of about one hundred acres, and took their bond for title upon the payment of the purchase money, to secure which the complainant executed to them his two notes for $315 each, due respectively the 25th of December, 1859 and 1860. The first note was paid, and the second was, by the Baxters, transferred to J. P. Eleazor, who sued before a justice of the peace and obtained judgment for $317 and costs. Said Eleazor, in writing, on the 27th of April, 1861, assigned said judgment to John S. Majors.

Soon after the date of the complainant's purchase

Daniel v. Baxter.

of the land, to-wit, in the month of October, 1859, Robert McNeilly and John W. Miller, and perhaps others, obtained judgments separately for large amounts against said Baxters, and soon after, in March, 1860, filed their bill to reach the interest of said Baxters, having only an equitable title, under a purchase of a large body of land from Jackson, McKernon & Co., holding the title bond of said last named parties, and owing to a balance of purchase money. The land sold to the complainants by the Baxters was included in this purchase. The title bond of the Baxters to the complainant had not been registered when the said McNeilly and Miller obtained their judgments and filed their bill. The complainant became a party to said bill, and resisted the claim of the aforesaid creditors of the Baxters to reach the land sold to him. While this bill was pending, Majors caused execution to be issued on the judgment of the magistrate, which had been assigned to him. The complainant paid $100 to the sheriff, but immediately filed this bill to enjoin the sheriff from paying over the same, and to enjoin the collection of the balance of the judgment until the determination of the other case, charging, in addition to the facts stated, that the transfer of his note to Eleazor, and the transfer of the judgment thereon by Eleazor to Majors, was without consideration.

On the hearing of the causes of McNeilly and Miller, their right to satisfaction of their judgment out of the land in question was declared superior to the right of complainant, and the entire body of land was sold

to satisfy the balance of the purchase money due from the Baxters, and for the payment of the judgments of said McNeilly and others.

This decree seems not to have been appealed from, or its correctness questioned. The Chancellor, therefore, rendered a decree in the present case in favor of the complainant, restoring to him the $100 in the hands of the sheriff, and enjoining the collection of the balance of the justice's judgment. The decree is undoubtedly correct. The land having been subjected to the payment of the debts of the Baxters, it is clear they should not be allowed to enforce the collection of the balance of the purchase money. Although this may have resulted from the failure of the complainant to have his title bond registered, the Baxters were still bound as between them to make a title free from incumbrance or liability for their own debts, before they could in equity and good conscience demand the payment of the purchase money. The defendant, Majors, stands in no better attitude than the Baxters; it is expressly proven that the transfer of the note to Eleazor was without consideration. The defendant, Majors, says in his answer, that the judgment was transferred to him by the direction of Theodore Baxter in satisfaction of a pre-existing debt due from Baxter to himself, but of this there is no proof.

Decree affirmed with costs.